**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES E. BAUMANN and DEBORA K. BAUMANN,

    Plaintiffs,

v.                                  Case No: 6:15-cv-1951-Orl-40GJK

BANK OF AMERICA, N.A, QUARLES & BRADY, LLP, PROBER & RAPHAEL, and MARINOSCI LAW GROUP, PC,

    Defendants.

## ORDER

This cause comes before the Court on the following:

1. Defendant Marinosci Law Group, PC's Amended Motion to Dismiss (Doc. 16), filed January 18, 2016;

2. Plaintiffs' Response and Objection to Defendant Marinosci Law Group, PC's Amended Motion to Dismiss (Doc. 23), filed January 28, 2016;

3. Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' [Amended] Complaint (Doc. 28), filed February 8, 2016;

4. Quarles & Brady, LLP's Motion to Dismiss the Verified First Amended Complaint (Doc. 29), filed February 8, 2016;

5. Plaintiffs' Response and Objection to Defendant Quarles & Brady's Motion to Dismiss (Doc. 31), filed February 22, 2016; and

6. Plaintiffs' Response and Objection to Defendant Bank of America, N.A.'s Motion to Dismiss (Doc. 32), filed February 22, 2016.

**I.    BACKGROUND**[1]

*Pro se* Plaintiffs, James E. Baumann and Debora K. Baumann, initiated this lawsuit on November 17, 2015 against Defendants, Bank of America, N.A. ("BANA"), Quarles & Brady, LLP ("Q&B"), Prober & Raphael, and Marinosci Law Group, PC ("Marinosci"). Plaintiffs state that they own two pieces of real property located in Florida, which the Court will refer to as the "Alexander Property" and the "Executive Property" for ease of reference. On July 26, 2005, Plaintiffs executed a mortgage obligation with BANA which was secured by the Alexander Property. (Doc. 11-1, pp. 27–36). That mortgage was later satisfied on August 19, 2013. (Doc. 11-1, p. 42). On December 29, 2005, Plaintiffs executed a mortgage obligation with Countrywide Home Loans, Inc. which was secured by the Executive Property. (Doc. 11-3, pp. 9–21). Countrywide Home Loans, Inc. thereafter assigned this mortgage obligation to BANA. (*Id.* at p. 33). On December 7, 2012, Plaintiffs notified BANA by mail that they were rescinding the mortgage obligations on the Alexander and Executive Properties pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. (Doc. 11, ¶¶ 13, 33, 71; Doc. 11-1, p. 19; Doc. 11-2, p. 31). Much litigation has ensued since.

In their Amended Complaint, Plaintiffs seek to vindicate their rights under TILA, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785, and a settlement agreement they executed with BANA. Plaintiffs essentially allege that they

---

[1]   This account of the facts is taken from Plaintiffs' Verified First Amended Complaint and the documents attached thereto (Doc. 11), the allegations of which the Court accepts as true in considering Defendants' motions to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

properly rescinded their mortgage obligations pursuant to TILA, but that Defendants continue to collect or attempt to collect on those mortgage obligations despite Plaintiffs' rescissions. BANA, Q&B, and Marinosci have appeared in this case and now move to dismiss Plaintiffs' Amended Complaint for a variety of reasons.[2]

## II.     STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. In order to survive a motion to dismiss made under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough and the district court need not give any credence to legal conclusions that are not supported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

The Court additionally has a duty to liberally construe a *pro se* plaintiff's complaint and to afford greater leeway in alleging a claim than what is given to licensed attorneys. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam). Nevertheless, "a *pro se* party must follow the rules of procedure and evidence, and the

---

[2]   Prober & Raphael has not appeared in this case despite what appears to be proof of service. (*See* Doc. 33).

district court has no duty to act as [a *pro se* party's] lawyer." *Id.* at 610 (internal quotation marks omitted); *see also Porter v. Duval Cty. Sch. Bd.*, 406 F. App'x 460, 462 (11th Cir. 2010) (per curiam). Further, a district court may not "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009).

## III.   DISCUSSION

Plaintiffs organize their Amended Complaint based on the property in dispute, with four claims asserted relative to the Alexander Property, and five claims asserted relative to the Executive Property. The Court examines Plaintiffs' claims in the most logical order.

### A.   Alexander Property Counts I and II

In Counts I and II as to the Alexander Property, Plaintiffs ask the Court to declare that they rescinded their mortgage obligation under TILA and to disgorge BANA of all monies it has unlawfully retained. BANA moves to dismiss these claims on the grounds that Plaintiffs' alleged rescission was ineffective as a matter of law due to TILA's statute of repose.

"Under TILA, a debtor may rescind a mortgage 'until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms . . . , whichever is later . . . .'" *Smith v. Highland Bank*, 108 F.3d 1325, 1326 (11th Cir. 1997) (per curiam) (quoting 15 U.S.C. § 1635(a)). In the event that the debtor never receives the information and disclosures required by TILA, the "right of rescission shall expire three years after the date of consummation of the transaction," 15 U.S.C. § 1635(f), which TILA defines as "the time that a consumer becomes contractually obligated on a credit transaction," 12 C.F.R. § 1026.2(a)(13). As discussed

in *Beach v. Ocwen Federal Bank*, section 1635(f) is not a statute of limitations which mandates when a cause of action must be initiated, but rather a statute of repose which provides when a person's right of rescission expires.  523 U.S. 410, 417 (1998).  As a result, TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Id.* at 419.

Here, although Plaintiffs contend that the mortgage obligation as to the Alexander Property was never consummated within the meaning of TILA, the extensive documents they attached to their Amended Complaint reveal otherwise.  Plaintiffs executed the mortgage on July 26, 2005, and the mortgage was thereafter recorded in the county's property records.  (Doc. 11-1, pp. 27–37).  Plaintiffs therefore became contractually obligated to BANA on that date.  Indeed, Plaintiffs have supplied their Account Transaction History with BANA showing that they recognized their obligation to pay and in fact paid on the mortgage for years.  (*Id.* at pp. 23–26).  Because Plaintiffs consummated their mortgage obligation with BANA on July 26, 2005, their right to rescind under TILA expired at the latest on July 26, 2008.  Plaintiffs' December 7, 2012 rescission letter is more than four years too late and, as a result, is ineffective as a matter of law.  Plaintiffs' TILA claim will therefore be dismissed.  Plaintiffs' disgorgement claim must likewise be dismissed, as it necessarily depends on Plaintiffs having properly rescinded their mortgage obligation.

    **B.**    **Executive Property Count I and Second Count II (Disgorgement)**

Like the Alexander Property, Plaintiffs also ask the Court to declare that they rescinded their mortgage obligation under TILA as to the Executive Property and to disgorge BANA of all monies it has unlawfully retained.  As explained above, the right to

rescind under TILA expires at the latest three years after the consummation of the credit transaction. *See* 15 U.S.C. § 1635(f); 12 C.F.R. § 1026.2(a)(13). Plaintiffs executed the Executive Property mortgage on December 29, 2005, and the mortgage was thereafter recorded in the county's property records. Plaintiffs thus became contractually obligated on the mortgage obligation on that date, permitting their right to rescind until December 29, 2008 at the latest. Plaintiffs' December 7, 2012 rescission letter is again too late and, as a result, is ineffective as a matter of law. Plaintiffs' TILA claim regarding the Executive Property will therefore be dismissed. Plaintiffs' disgorgement claim will likewise be dismissed, as it necessarily depends on Plaintiffs' having properly rescinded their mortgage obligation on the Executive Property.

### C. Alexander Property Counts III and IV

In Counts III and IV as to the Alexander Property, Plaintiffs seek damages against BANA and Q&B for allegedly violating the FDCPA and FCCPA. Both BANA and Q&B move to dismiss these counts for failing to state claims for relief.

Part of stating a claim under either the FDCPA or the FCCPA requires the plaintiff to allege that he or she was the subject of an unlawful debt collection practice. *See Read v. MFP, Inc.*, 85 So. 3d 1151, 1153 (Fla. Dist. Ct. App. 2012) ("[A] consumer seeking to recover damages under either the FDCPA or the FCCPA must allege . . . a violation of the provisions of the act actually sued upon."). Moreover, the FDCPA and FCCPA have one- and two-year statutes of limitations, respectively. *See* 15 U.S.C. § 1692k(d); Fla. Stat. § 559.77(2). Accordingly, any violation alleged by Plaintiffs must have occurred on or after December 17, 2013. Upon review of the Amended Complaint, Plaintiffs fail to describe any way in which Q&B collected or attempted to collect a debt in violation of the

6

statutes and within the relevant statutory time periods. The only allegation pertaining to Q&B states that Q&B represented in court filings that the satisfied mortgage on the Alexander Property remained valid and subject to collection. (Doc. 11, ¶¶ 36–37). However, absent allegations of an overt attempt to collect on the satisfied mortgage, there is no violation of the FDCPA or FCCPA for Q&B's mere belief that the mortgage *could* be collectable. *See Burdick v. Bank of Am.*, 140 F. Supp. 3d 1325, 1329 (S.D. Fla. 2015) (holding that a plaintiff must show that "the defendant has engaged in an act or omission prohibited by the FDCPA"). Plaintiffs' FDCPA and FCCPA claims against Q&B must therefore be dismissed.

As to BANA, BANA reads Plaintiffs' claims as requesting the Court to sanction BANA for violating the automatic stay and other prior orders issued by the court in Plaintiffs' bankruptcy case. However, it is clear from the Amended Complaint that Plaintiffs are suing BANA for allegedly filing an improper proof of claim in that bankruptcy and for misrepresenting the legal status of the mortgage obligation, not for violating any order of the bankruptcy court. (*See* Doc. 11, ¶¶ 38–49, 56–59, 63–68). Specifically, Plaintiffs show that they satisfied their mortgage with BANA on the Alexander Property, but that BANA has been collecting or attempting to collect on that mortgage despite the fact that no money is due. (*See id.* ¶¶ 14, 17, 39, 67). In fact, Plaintiffs have attached to their Amended Complaint a satisfaction of the mortgage executed by BANA. (Doc. 11-1, p. 42). If valid, BANA's continued collection efforts on the satisfied mortgage in Plaintiffs' bankruptcy case plausibly violate the FDCPA and FCCPA. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259–61 (11th Cir. 2014) (holding that the filing of an unenforceable proof of claim in a bankruptcy proceeding constitutes an unlawful debt

7

collection practice), *cert. denied*, 135 S. Ct. 1844 (2015). Plaintiffs therefore state claims against BANA under the FDCPA and FCCPA.

### D.     Executive Property Counts III and IV

In Counts III and IV as to the Executive Property, Plaintiffs seek damages against BANA and Marinosci for allegedly violating the FDCPA and FCCPA. Plaintiffs essentially allege that BANA and Marinosci violated these statutes by collecting or attempting to collect on a mortgage obligation which was rescinded under TILA. However, as explained previously, Plaintiffs' rescission of the mortgage on the Executive Property was ineffective as a matter of law. As a result, BANA's and Marinosci's continued collection efforts are not unlawful and cannot form the basis of a claim under either the FDCPA or FCCPA.

### E.     Executive Property First Count II (Breach of Settlement Agreement)

In their first Count II as to the Executive Property, Plaintiffs allege that they entered into a settlement agreement with BANA regarding the mortgage of the Executive Property, but that BANA breached this agreement by filing a proof of claim in Plaintiffs' bankruptcy. BANA moves to dismiss this claim on the grounds that the settlement agreement yielded once Plaintiffs filed bankruptcy and that any payments which were supposed to be made under the agreement were required to be made to the bankruptcy Trustee. This is not a reason for dismissal under Rule 12(b)(6), however, as it requires the Court to delve into the merits of Plaintiffs' claim. BANA's motion to dismiss will therefore be denied as to Plaintiffs' first Count II on the Executive Property.

### F.     Leave to Amend

As a final matter, the Court must discuss whether it is appropriate to grant Plaintiffs leave to amend. It is well-settled that a court should not dismiss a plaintiff's complaint for

failing to state a claim without first granting leave to amend. *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983) (per curiam). Nevertheless, a court may dismiss a claim without affording an opportunity to amend where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile when the plaintiff "provide[s] no reason for the district court to believe that he [or she] could offer sufficient allegations to make a claim for relief plausible on its face." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (per curiam).

Regarding Plaintiffs' TILA and TILA-related disgorgement claims, it is not possible for Plaintiffs to offer sufficient allegations to overcome the fact that their rights of rescission as to both the Alexander and Executive Properties have been extinguished as a matter of law. Those claims are therefore futile and will be dismissed with prejudice. Plaintiffs' FDCPA and FCCPA claims are similarly futile and will be dismissed with prejudice to the extent Plaintiffs base their claims on TILA-related conduct. Regarding Plaintiffs' non-TILA-related FDCPA and FCCPA claims against Q&B, those claims will be dismissed without prejudice, and Plaintiffs will be permitted an opportunity to amend. In doing so, Plaintiffs should be mindful of the statutes' respective limitations periods and should identify what overt conduct Q&B engaged in which violated the FDCPA and FCCPA.

## IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendants' motions to dismiss (Docs. 16, 28, 29) are **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Counts I and II as to the Alexander Property are **DISMISSED WITH PREJUDICE**.

2. Counts III and IV as to the Alexander Property are **DISMISSED WITHOUT PREJUDICE** as to Quarles & Brady, LLP.

3. Counts I, III, IV, and the second Count II (Disgorgement) as to the Executive Property are **DISMISSED WITH PREJUDICE**.

4. Plaintiffs have until and including **September 16, 2016** to file a Second Amended Complaint if they wish to re-allege their FDCPA and FCCPA claims against Q&B.  If Plaintiffs choose to file a Second Amended Complaint, Plaintiffs shall not allege any claim which has been dismissed with prejudice.

5. If Plaintiffs do not file a Second Amended Complaint by the date provided, BANA has until and including **September 23, 2016** to answer Counts III and IV as to the Alexander Property and the first Count II as to the Executive Property.

**DONE AND ORDERED** in Orlando, Florida on September 1, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties