**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES E. BAUMANN and DEBORA K. BAUMANN,

    Plaintiffs,

v.

BANK OF AMERICA, N.A, QUARLES & BRADY LLP, PROBER & RAPHAEL, and MARINOSCI LAW GROUP, PC,

    Defendants.

Case No:  6:15-cv-1951-Orl-40GJK

## ORDER

This cause comes before the Court on Plaintiffs' Motion to Amend the Case Management and Scheduling Order (Doc. 44), filed June 7, 2016, and Defendant Bank of America, N.A.'s Motion to Extend Discovery and Dispositive Motions Deadlines (Doc. 51), filed September 26, 2016.  In their motions, the parties ask the Court to re-open the deadline for amending pleadings and to extend the deadlines for conducting discovery and filing dispositive motions.

Federal Rule of Civil Procedure 16 governs a district court's scheduling and management of cases.  That rule provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)(4)'s "good cause" standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with court-imposed deadlines.  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam).  Indeed, "litigants cannot be permitted to treat a scheduling order as a frivolous piece of

1

paper idly entered, which can be cavalierly disregarded without peril." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) (citation and internal quotation marks omitted). Therefore, if a party cannot demonstrate diligence in complying with the court's scheduling order, the inquiry ends. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

In this case, no party indicates what action, if any, has been taken to diligently comply with the deadlines at issue. To the contrary, the parties concede that they have chosen not to prosecute or defend against this lawsuit while they waited for the Court to rule on Defendants' motions to dismiss. However, the Court's Case Management and Scheduling Order explicitly cautioned the parties about the consequences of making such a choice:

> The parties are advised that the pendency of a dispositive motion, such as a motion to dismiss or for summary judgment, does not stay the deadline for completion of discovery. Parties who elect to forego discovery on the merits of any claim or defense due to the pendency of a dispositive motion or for any other reason, without leave of Court, will not be entitled to an extension of the deadlines set forth in this [Case Management and Scheduling Order].

(Doc. 37, p. 2). No party sought to stay or abate any deadline at any time while Defendants' motions to dismiss remained pending. Moreover, the parties agreed to the current deadlines knowing that the Court had not yet resolved the motions. (Doc. 36). The Court presumes that the parties know their respective cases best and agreed to dates which would allow them sufficient time to engage in discovery and file dispositive motions. Any party's choice not to conduct discovery within the agreed time period is a choice made at that party's peril. In short, the parties have failed to demonstrate the diligence

required by Rule 16(b)(4) to modify the deadlines listed in the Case Management and Scheduling Order.

Notwithstanding the fact that the parties have sat on their cases for the better part of a year without seeking relief from the Court's deadlines, the Court will grant the parties' request to extend the discovery and dispositive motions deadlines. The proposed extensions do not interfere with either the final pretrial conference or the trial date, and they afford enough time for the Court to resolve any dispositive motions. The Court therefore finds that an extension of the deadlines will serve judicial economy and the timely resolution of this case. However, the parties are cautioned that no further extensions of these deadlines and no continuances of either the final pretrial conference or the trial term will be granted due to a party's failure to diligently prosecute or defend their case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Amend the Case Management and Scheduling Order (Doc. 44) is **GRANTED IN PART** and **DENIED AS MOOT IN PART**. Plaintiffs' motion is denied as moot to the extent Plaintiffs ask to re-open the deadline for amending pleadings and adding parties. The Court previously permitted Plaintiffs leave to amend their complaint following resolution of Defendants' motions to dismiss, but Plaintiffs elected not to do so. (*See* Doc. 47, pp. 9–10).

2. Defendant Bank of America, N.A.'s Motion to Extend Discovery and Dispositive Motions Deadlines (Doc. 51) is **GRANTED**.

3. The deadline for conducting discovery is extended to and including **December 2, 2016**. The deadline for filing dispositive motions and *Daubert* motions is extended to and including **January 6, 2017**. The Court will issue an Amended Case Management and Scheduling Order by separate order.

**DONE AND ORDERED** in Orlando, Florida on October 11, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties