**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES E. BAUMANN and DEBORA K. BAUMANN,

    Plaintiffs,

v.                                  Case No:  6:15-cv-1951-Orl-40GJK

BANK OF AMERICA, N.A and PROBER & RAPHAEL,

    Defendants.

## ORDER

This cause comes before the Court on pro se Plaintiffs' Motion to Vacate Void Orders (Doc. 61), filed October 14, 2016.  In their motion, Plaintiffs contend that the Court should vacate three orders which were entered after Plaintiffs filed a notice of appeal. Plaintiffs reason that, as a result of their appeal, this Court no longer had jurisdiction over this matter when the orders were entered.  Plaintiffs' motion will be denied for two reasons.

First, Plaintiffs' Motion to Vacate fails to comply with the Court's Local Rules, which provide, in pertinent part, as follows:

> Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.

1

M.D. Fla. R. 3.01(g).[1] Plaintiffs fail to indicate whether they contacted opposing counsel in a good faith effort to resolve the issues raised in their motion and, if so, the results of that good faith conference. Plaintiffs' failure to comply with Local Rule 3.01(g) is reason enough to deny the relief they seek.

Notwithstanding their noncompliance with the Court's Local Rules, Plaintiffs' Motion to Vacate must also be denied on its merits because Plaintiffs' purported appeal of this case does not deprive the Court of subject matter jurisdiction. Absent special circumstances which are not present in this case, "the courts of appeals have jurisdiction for appeals from final orders only." *CSX Transp., Inc. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1285 (11th Cir. 1998) (per curiam). Consequently, a party cannot appeal "even from fully consummated decisions, where [the decisions] are but steps towards final judgment in which they will merge." *Id.* (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). The purpose of this general rule limiting appeals only to final orders and judgments is so that all stages of the litigation can be combined into a single review for the appellate court, thus avoiding piecemeal reviews which disserve judicial economy. *See id.*

Here, Plaintiffs have filed three notices of appeal which seek interlocutory review of various non-final orders. Specifically, Plaintiffs appeal from orders granting in part and denying in part Defendants' motions to dismiss, denying Plaintiffs' motions for reconsideration, directing the Clerk of Court to terminate certain parties against whom no claims are pending, extending certain scheduling deadlines, and entering an Amended

---

[1] Plaintiffs may access the Court's Local Rules at https://www.flmd.uscourts.gov/LocalRules.htm.

Case Management and Scheduling Order. Because none of these orders constitute final orders from which Plaintiffs are entitled to appeal, and because no exception to the finality requirement applies,[2] this Court retains jurisdiction over the subject matter until final judgment is entered.

It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Vacate Void Orders (Doc. 61) is **DENIED**. The parties are advised that all dates and deadlines in the Amended Case Management and Scheduling Order (Doc. 60), including the trial term, remain in effect.

**DONE AND ORDERED** in Orlando, Florida on October 18, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court notes that the only argument Plaintiffs make in their Motion to Vacate is that the disputed orders must be vacated because Plaintiffs filed notices of appeal. Accordingly, even if the Court liberally construed Plaintiffs' Motion to Vacate as a motion to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), Plaintiffs offer no reason for the Court to certify such an appeal.