UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES E. BAUMANN and DEBORA K. BAUMANN,

    Plaintiffs,

v.                                   Case No:  6:15-cv-1951-Orl-40GJK

BANK OF AMERICA, N.A and PROBER & RAPHAEL,

    Defendants.

## ORDER

This cause comes before the Court on pro se Plaintiffs' Amended Motion to Certify Interlocutory Appeal and to Stay Proceedings (Doc. 71), filed November 21, 2016. The Court does not require the benefit of Defendants' response to duly resolve the motion. Upon consideration, Plaintiffs' motion will be denied.

**I.**    **BACKGROUND**

Pro se Plaintiffs, James E. Baumann and Debora K. Baumann, initiated this lawsuit on November 17, 2015 against a number of entities, including the current Defendants, Bank of America, N.A. and Prober & Raphael. In their Amended Complaint, Plaintiffs seek to vindicate their rights under the Truth in Lending Act, the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and a settlement agreement they executed with Bank of America. Plaintiffs essentially allege that they properly rescinded two mortgage obligations, but that Defendants continue to collect or attempt to collect on those mortgage obligations despite Plaintiffs' rescissions. On September 1, 2016, the Court granted in part and denied in part Defendants' respective

1

motions to dismiss and dismissed a number of Plaintiffs' claims.[1] Plaintiffs now move for leave to pursue an interlocutory review of the Court's order on these motions to dismiss.

## II. DISCUSSION

The Court begins by noting that the order which Plaintiffs ask the Court to certify for interlocutory appeal is a non-final order which is ordinarily not subject to immediate appellate review. *See CSX Transp., Inc. v. Kissimmee Util. Auth.*, 153 F.3d 1283, 1285 (11th Cir. 1998) (per curiam). However, there are certain limited exceptions to the finality requirement which may permit interlocutory review of a non-final order. One such exception is found in 28 U.S.C. § 1292(b), which permits a district court to certify an interlocutory order for appeal where the order "(1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Harris v. Luckey*, 918 F.2d 888, 892 (11th Cir. 1990). The certification of an interlocutory appeal is an exceptional remedy, and the party moving for certification bears the heavy burden of demonstrating that immediate appellate review is appropriate. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).

The Court finds that certification of an interlocutory appeal is unwarranted in this case because Plaintiffs fail to demonstrate a substantial ground for difference of opinion on the controlling question(s) of law which they ask the Court to certify. A substantial ground for difference of opinion may arise where the controlling question of law is difficult

---

[1] In its September 1, 2016 Order, the Court permitted Plaintiffs to file a Second Amended Complaint to re-allege any claim which the Court had not dismissed with prejudice; however, Plaintiffs elected not to do so. As a result, Plaintiffs are currently proceeding on Counts III and IV as to the Alexander Property and on the first Count II as to the Executive Property.

and of first impression, a difference of opinion exists on the question among the courts within the controlling circuit, or the circuits are split on the question. *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015). Conversely, a party's disagreement with how a district court applied or adjudicated the disputed question of law is insufficient to amount to a substantial difference of opinion. *See McFarlin*, 381 F.3d at 1259 ("The antithesis of a proper § 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case.").

Here, Plaintiffs essentially ask the Court to certify this case for interlocutory appeal because Plaintiffs disagree with the Court's dismissal of certain claims and parties pursuant to Federal Rule of Civil Procedure 12(b)(6). This is not enough to amount to a substantial difference of opinion. *See McFarlin*, 381 F.3d at 1259. Further, upon review of Plaintiffs' operative complaint and the Court's order on the motions to dismiss, this case presents no questions of law which are difficult or of first impression.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Amended Motion to Certify Interlocutory Appeal and to Stay Proceedings (Doc. 71) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 29, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3