UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES E. BAUMANN and
DEBORA K. BAUMANN,

    Plaintiffs,

v.

PROBER & RAPHAEL, and
MARINOSCI LAW GROUP, PC,

    Defendants.

_____/

Case No: 6:15-cv-01951-PGB-GJK

**DEFENDANT MARINOSCI LAW GROUP PC'S
RENEWED MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Marinosci Law Group, P.C. ("MLG"), by and through its undersigned attorney files this Renewed Motion to Dismiss Amended Complaint and in support thereof, states as follows:

1. Plaintiffs filed their Verified First Amended Complaint (Doc 11)[1] against MLG and others on December 4, 2015.

2. The only counts of the Amended Complaint that purport to assert claims against MLG are the second Count III, which begins at paragraph 107 on page 23, and the second Count IV, which begins at paragraph 147 on page 30. Said counts assert claims under the FDCPA and the FCCPA, respectively.

3. MLG filed an Amended Motion to Dismiss the Amended Complaint on January 18, 2016 (Doc 16).

4. On September 1, 2016, this Court entered an Order granting said Amended

---

[1] Unless otherwise indicated, all references to document numbers refer to the docket entries for the instant case

Motion to Dismiss (Doc 47) and dismissing with prejudice the claims against MLG, finding that the Amended Complaint alleged that MLG violated the FDCPA and FCCPA by collecting or attempting to collect on a mortgage debt that was rescinded under TILA, but that such rescission was ineffective as a matter of law because it was untimely, and therefore MLG's continued collection efforts could not form the basis for claims under either the FDCPA or the FCCPA.

5. Plaintiffs appealed that decision to the United States Court of Appeals for the Eleventh Circuit and on May 11, 2018, the Eleventh Circuit issued its opinion in Case No. 17-12633 agreeing that the purported rescission of the mortgage under TILA was ineffective. However, the Eleventh Circuit remanded this case to the extent the Plaintiffs claims against MLG are based on attempts to collect amounts in excess of the parties' alleged settlement agreement.

6. The allegations of the Amended Complaint against MLG that the Eleventh Circuit felt were not based on the innefective TILA rescission are that MLG made improper claims in the bankruptcy court and continued to litigate the foreclosure after the alleged settlement agreement had been reached.

7. While the Eleventh Circuit may have been unaware of the chronology and facts when rendering its decision to remand, the following facts were before this Court when it granted MLG's Motion to Dismiss:

   a. On March 24, 2014, Plaintiff James E. Baumann filed a voluntary petition under Chapter 13 (6:14-bk-03297).

   b. The original Proof of Claim (Claim #2) was filed by MLG for Bank of America on July 23, 2014 (Amended Complaint paragraph 94).

   c. An Amended Proof of Claim (Claim #2-1) was filed by MLG for Bank of America on September 9, 2014 (Amended Complaint paragraph 96).

   d. An *ore tenus* Motion for Relief from Stay was made by MLG on behalf of Bank

     of America on October 22, 2014, which was granted on October 27, 2014 (see bankruptcy PACER docs 53 and 55).

e. As alleged in the Amended Complaint (paragraphs 87 - 89 and 114 - 116), settlement discussions between Bank of America and the Plaintiffs did not begin until on or about November 7, 2014, almost four months after the original proof of claim, two months after the amended proof of claim, and more than two weeks after the *ore tenus* motion.

f. There are no allegations that MLG was involved with or had knowledge of the settlement negotiations or offers between Bank of America and Plaintiffs.

g. MLG affirmatively states that it was not informed of or involved with any settlement negotiations between Plaintiff and Bank of America, N.A. at the time the proofs of claim were filed and litigated.

h. The only other "action" taken by MLG subsequent to the purported November 26, 2014 Settlement Agreement was the filing of the Notice of Voluntary Dismissal of the foreclosure action (Case No. 50-2012-CA-004766) on June 19, 2015.

**WHEREFORE**, Defendant Marinosci Law Group, P.C. prays that this Court dismiss Plaintiffs' Amended Complaint based on the arguments stated above and that the Complaint has no basis in fact or law.

                                            **MARINOSCI LAW GROUP, P.C.**
                                            Attorney for Marinosci Law Group, P.C.
                                            100 West Cypress Creek Road, Suite 1045
                                            Fort Lauderdale, FL 33309
                                            Phone: (954) 644-8704 x1073
                                            Fax: (401) 262-2110
                                            Email: fdispigna@mlg-defaultlaw.com

                                            /s/ Frederic DiSpigna
                                            _____
                                            FREDERIC DISPIGNA, ESQ.
                                            Florida Bar No. 345539

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by U.S. mail, first class postage prepaid to JAMES E. BAUMANN and DEBORA K. BAUMANN, 402 Alexander Ave, Deltona, FL 32725, this is 16th day of July, 2018. All registered CM-ECF users will be noticed electronically by the court.

**MARINOSCI LAW GROUP, P.C.**
Attorney for Marinosci Law Group, P.C.
100 West Cypress Creek Road, Suite 1045
Fort Lauderdale, FL 33309
Phone: (954) 644-8704 x1073
Fax: (401) 262-2110
Email: fdispigna@mlg-defaultlaw.com

/s/ Frederic DiSpigna
_____
FREDERIC DISPIGNA, ESQ.
Florida Bar No. 345539