UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES E. BAUMANN and DEBORA K. BAUMANN,

        Plaintiffs,

v.                                        Case No: 6:15-cv-1951-Orl-40GJK

PROBER & RAPHAEL and MARINOSCI LAW GROUP, PC,

        Defendants.
_____/

## ORDER

This cause comes before the Court following the U.S. Court of Appeals for the Eleventh Circuit's decision (Doc. 123) affirming in part and vacating in part this Court's September 1, 2016, Order located at Docket Entry 47. The following discussion only addresses Plaintiffs' claims against Marinosci Law Group, PC, that were given new life by Plaintiffs' appeal. On remand, the Court now addresses Defendant Marinosci Law Group, PC's Amended Motion to Dismiss (Doc. 16 ("**Motion**")). Upon review, the Motion is due to be granted in part and denied in part.

### I. BACKGROUND[1]

*Pro se* Plaintiffs, James E. Baumann and Debora K. Baumann,[2] brought this action on November 17, 2015, against Defendants, Bank of America, N.A. ("**BANA**"), Quarles &

---

[1] This account of the facts is taken from the Complaint (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

[2] The Amended Complaint generally does not distinguish between the two Plaintiffs, James Baumann and Debora Baumann. (Doc. 11).

Brady, LLP ("**Q&B**"), Prober & Raphael, and Marinosci Law Group, PC ("**Marinosci**"). Plaintiffs executed two mortgage agreements secured by real property owned by Plaintiffs, one with BANA, the other with Countrywide Home Loans, Inc., which was thereafter assigned to BANA. On December 7, 2012, Plaintiffs mailed BANA notices that the mortgage obligations were rescinded pursuant to the Truth in Lending Act ("**TILA**"), 15 U.S.C. §§ 1601–1667f.[3]

The Amended Complaint brought claims against Defendants under TILA, the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. §§ 1692–1692p, the Florida Consumer Collection Practices Act ("**FCCPA**"), Fla. Stat. §§ 559.55–559.785, and a settlement agreement with BANA. The majority of the claims stated in the Amended Complaint have been dismissed by the Court or voluntarily by the parties. (*See, e.g.*, Docs. 47, 115). Critically, the Court dismissed Counts III and IV—which assert FDCPA and FCCPA claims—as against Marinosci. (Doc. 47, p. 8). The Court's grant of Defendant Marinosci's Motion to Dismiss was vacated in part by the Eleventh Circuit, with instructions for the Court to "address the viability of the settlement-based claims in the first instance." (Doc. 123, pp. 10–14). The Court therefore revisits these claims.

At this time, Plaintiffs' only surviving claims against Marinosci are Counts III and IV. Counts III and IV allege Marinosci violated the FDCPA and FCCPA by (1) attempting to collect a debt that was rescinded pursuant to the TILA, (2) "[f]iling documents in the

---

[3] In its September 1, 2016, Order, the Court held that Plaintiffs' purported rescissions were ineffective because they were untimely. (Doc. 47, pp. 4–5). The ineffectiveness of the rescission doomed several of Plaintiffs' claims, which were dismissed for that reason. (Id. at pp. 4–8). On appeal, the Eleventh Circuit affirmed the Court's ruling that Plaintiffs' rescissions were ineffective. (Doc. 123, pp. 4–8).

courts claiming to have been owed an amount that far exceeds the settlement amount[4] and threaten[ing] to foreclose on the Executive property when Plaintiff fully complied with the settlement agreement," and (3) "[f]iling false proof of claims in federal courts in an attempt to collect a debt." (Doc. 11, ¶¶ 70–76, 107, 147). Defendant Marinosci moved to dismiss all claims against it for failure to state a claim upon which relief could be granted. (Doc. 16).

## II.  STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most

---

[4] The "settlement" refers to a settlement agreement between Plaintiff James Baumann and BANA to resolve a bankruptcy matter. (Doc. 11, ¶¶ 114–20).

favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

The Court has a duty to liberally construe a *pro se* plaintiff's filings and to afford greater leeway in alleging a claim for relief than what is given to licensed attorneys. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam). Nevertheless, "a *pro se* party must follow the rules of procedure and evidence, and the district court has no duty to act as [a *pro se* party's] lawyer." *Id.* at 610 (internal quotation marks omitted). Moreover, the Court may not "rewrite an otherwise deficient pleading in order to sustain an action" for a *pro se* party. *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## III. DISCUSSION

As noted above, Counts III and IV are the only surviving claims against Marinosci. Before addressing Marinosci's conduct vis-à-vis the settlement agreement and the alleged false claims, the Court notes that Plaintiffs' allegations that Marinosci violated the FDCPA and FCCPA by attempting to collect a debt that was rescinded under TILA fail to state a claim. Plaintiffs' purported notices of rescissions were ineffective, thus foreclosing any claims based on these allegations. (*See, e.g.*, Docs. 47, 123).

The remaining allegations sustaining Counts III and IV are as follows: (1) Marinosci filed legal papers attempting to collect an amount in excess of a settlement to which James Baumann, and (2) Marinosci filed false proofs of claim in federal court. (Doc. 11, ¶ 76). Filing an unenforceable proof of claim in a bankruptcy proceeding constitutes an unlawful debt collection practice violative of the FDCPA and FCCPA. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259–61 (11th Cir. 2014); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190–92 (11th Cir. 2010). Accordingly, Counts III and IV state plausible claims by Plaintiff James Baumann against Marinosci. Because Plaintiff Debora Baumann was not a party to the alleged settlement or bankruptcy proceeding,[5] the Amended Complaint fails to state a plausible claim by Plaintiff Debora Baumann against Marinosci. (*See* Doc. 11).

## IV. CONCLUSION

It is therefore **ORDERED** and **ADJUDGED** as follows:

1. Defendant Marinosci Law Group, PC's Amended Motion to Dismiss (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**.

    a. The Motion is **GRANTED** insofar as it seeks dismissal of Plaintiff Debora Baumann's claims against Marinosci Law Group, PC.

    b. In all other respects, the Motion is **DENIED**.

---

[5] The allegations sustaining Counts III and IV involve "transactions concerning the Executive Property," a property that was owned by Plaintiff James Baumann. (Doc. 11, pp. 15–17). Notably, Plaintiff Debora Baumann was not a party to the note or mortgage on the Executive Property (Doc. 11-3, pp. 8–9), the settlement of the defaulted mortgage obligation on the Executive Property (Doc. 11-2, pp. 33–39), or the allegedly fraudulent proofs of claim in Plaintiff James Baumann's bankruptcy proceedings (e.g., Doc. 11-1, p. 63; Doc. 11-2, p. 8).

2. Defendant Marinosci shall answer the Amended Complaint no later than fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Orlando, Florida on July 23, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties