# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JAMES E. BAUMANN and DEBORA K. BAUMANN,

    Plaintiffs,

v.                                Case No: 6:15-cv-1951-Orl-40GJK

PROBER & RAPHAEL and MARINOSCI LAW GROUP, PC,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff James E. Baumann's and Defendant Marinosci Law Group, PC's cross-motions for summary judgment (Docs. 156, 158), and the responses thereto (Docs. 159, 160). With briefing complete, the matter is ripe. Upon consideration, Defendant's motion is due to be granted and Plaintiff's denied.

**I.    BACKGROUND**

The history of this case begins November 17, 2015, when Plaintiffs, James Baumann and Debora Baumann, filed the initial Complaint, naming as Defendants Bank of America, N.A. ("**BANA**"), Quarles & Brady LLP, Prober & Raphael, and Marinosci Law Group, PC ("**Marinosci**"). (Doc. 1). Plaintiffs state that they own real property in Florida (the "**Executive Property**"). On December 29, 2005, Plaintiffs executed a mortgage obligation with Countrywide Home Loans, Inc. ("**Countrywide**"), secured by the Executive Property. (Doc. 11-3, pp. 9–21). Countrywide thereafter assigned this mortgage obligation to BANA. (Id. at p. 33).

On March 13, 2012, BANA initiated a foreclosure action against Plaintiff James E. Baumann on the mortgage secured by the Executive Property. (Doc. 11, ¶ 85). Thereafter, on March 24, 2014, Plaintiff James Baumann filed for Chapter 13 bankruptcy. (Doc. 11, ¶ 86). In the course of the bankruptcy proceeding, Defendant Marinosci filed two proofs of claim on BANA's behalf stemming from the Executive Property mortgage, the first on July 23, 2014, and the second on September 9, 2014. (Doc. 159-1, pp. 4–13). Subsequently, on November 7, 2014, BANA and Baumann entered into settlement discussions, and ultimately settled the foreclosure action on November 26, 2014. (Doc. 11, ¶¶ 87–90; Doc. 11-2, pp. 33–41). On June 9, 2015, BANA voluntarily dismissed the foreclosure action. (Doc. 1, ¶ 92; Doc. 11-2, p. 43).

The Amended Complaint initially alleged myriad claims against Defendants under the Truth in Lending Act, 15 U.S.C. §§ 1601–1667f, the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Practices Act ("**FCCPA**"), Fla. Stat. §§ 559.55–559.785. (Doc. 11). On September 1, 2016, the Court dismissed many of the claims advanced by the Amended Complaint. (Doc. 47). Plaintiffs appealed the dismissal Order, and the Eleventh Circuit vacated in part, remanding the case so that this Court could address the viability of the "settlement-based" FDCPA and FCCPA claims against Defendant Marinosci (Counts III and IV). (Doc. 123, pp. 13–14).

Now, only Counts III and IV against Marinosci remain. These Counts allege Marinosci violated the FDCPA and FCCPA by (1) "[f]iling documents in the courts claiming to have been owed an amount that far exceeds the settlement amount and threaten[ing] to foreclose on the Executive property when Plaintiff fully complied with the settlement

agreement," and (2) "[f]iling false proof[s] of claim[] in federal courts in an attempt to collect a debt." (Doc. 11, ¶¶ 72–76, 107, 147).[1] Baumann contends the proofs of claim were inflated, and therefore unlawful, because "when [Marinosci] filed proof of claims alleging they have enforceable debt instruments . . . , a settlement [had been] reached for an amount that is far less than the amount claimed as owing in the proof[s] of claim." (*Id.* ¶¶ 145, 153). Plaintiff James Baumann and Defendant Marinosci now move for summary judgment on these claims.

## II.  STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). A factual dispute is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id.*

The moving party bears the initial burden of identifying those portions of the record demonstrating the absence of a genuine factual dispute. *Celotex Corp. v. Catrett*,

---

[1] The Amended Complaint also alleged that Marinosci violated the FDCPA and FCCPA by attempting to collect a debt that was rescinded pursuant to the TILA. (Doc. 11, ¶¶ 70–71, 107, 147). However, the Court disposed of this claim in its earlier Order, and that dismissal was affirmed on appeal. (Docs. 47, 123).

3

477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine factual disputes which preclude judgment as a matter of law. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). Summary judgment is proper when a plaintiff fails to adequately prove up an essential element of their claim. *Celotex*, 477 U.S. at 322–23. Also, "[t]he court need consider only the cited materials" when resolving a motion for summary judgment. Fed. R. Civ. P. 56(c)(3); *see also HRCC, LTD v. Hard Rock Café Int'l (USA), Inc.*, 703 F. App'x 814, 816–17 (11th Cir. 2017) (per curiam).[2]

## III. DISCUSSION

### A. Defendant's Motion for Summary Judgment

Defendant Marinosci Law Group, P.C., moves for summary judgment, arguing "[t]he proofs of claim filed by [Marinosci] predate any settlement negotiations between Plaintiffs and Bank of America by months." (Doc. 156-1, p. 5).

In this case, as in life, timing is everything. An obvious premise to the settlement-based Counts against Marinosci is that Plaintiff's settlement with BANA occurred before Marinosci filed the proofs of claim in Baumann's bankruptcy case. The existence of the settlement, according to Plaintiff, rendered the proofs of claim unenforceable because the proofs of claim stated BANA was entitled to an amount far greater than the settlement amount. (Doc. 11, ¶¶ 76, 145, 153). Stated differently, Marinosci's proofs of claim were

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

unenforceable, and therefore actionable, because they exceeded the amounts Plaintiff owed on the debt in light of Plaintiff's settlement with BANA. (*Id.*). If the settlement did not exist when the proofs of claim were filed, then the proofs of claim could not violate the settlement and therefore be actionable.

To prevail on an FDCPA claim, the plaintiff must establish: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002). Only the third prong is in dispute. Section 1692e of the FDCPA bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA provides the following example, among others, of a violation: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(10). To support Count IV, Plaintiff cites a similar section of the FCCPA, which states: "In collecting consumer debts, no person shall [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

Defendant Marinosci successfully established that the proofs of claim underlying the settlement-based Counts predate Plaintiff's settlement with BANA. Plaintiff identifies no evidence to support its allegations that Marinosci's proofs of claim were false, deceptive, or otherwise actionable under the FDCPA or FCCPA. (Docs. 158, 160). Thus, Defendant Marinosci is entitled to summary judgment as to Counts III and IV.

5

**IV.    CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Marinosci Law Group, PC's Motion for Summary Judgment (Doc. 156) is **GRANTED**.

2. Plaintiff James Baumann's Motion for Partial Final Judgment Against Marinosci Law Group, PC, (Doc. 158) is **DENIED**.

3. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant, Marinosci Law Group, PC, and against Plaintiffs, James E. Baumann and Debora K. Baumann, as to Counts III and IV.

**DONE AND ORDERED** in Orlando, Florida on February 1, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties