UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES E. BAUMANN and DEBORA K.
BAUMANN,

           Plaintiffs,

v.                                 Case No:   6:15-cv-1951-Orl-40GJK

PROBER & RAPHAEL and
MARINOSCI LAW GROUP, PC,

           Defendants.

REPORT AND RECOMMENDATION

On December 4, 2015, *pro se* Plaintiffs, James E. Baumann and Debora K. Baumann, filed the operative complaint (the "Complaint") against Defendants Prober & Raphael ("Prober") and Marinosci Law Group, PC ("Marinosci"). Doc. No. 11. The following facts are taken from the Complaint. Plaintiffs secured a loan with property located at 402 Alexander Avenue in Deltona, Florida. *Id.* at 3-5. Plaintiffs consummated the mortgage with Bank of America ("BOA").[1] *Id.*

Prober violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785 by collecting or attempting to collect on the mortgage, which was rescinded under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. Doc. No. 11 at ¶¶ 31-60. Prober also violated the aforementioned statutes by filing, on behalf of BOA, proofs of claim in Mr. Baumann's bankruptcy proceeding despite the mortgage being extinguished by a prior satisfaction

---

[1] BOA was named as a defendant in this action but was later voluntarily dismissed. Doc. Nos. 115, 116.

of the obligation. *Id.* at ¶¶ 31-45. The Complaint alleges similar claims against Marinosci regarding a different mortgage obligation. *See* Doc. No. 11 at ¶¶ 107-158.

On February 11, 2016, a process server served a summons and the Complaint on Cassandra Richie, who, according to an affidavit of service, was a person authorized to accept service on behalf of Prober. Doc. No. 33 at 2. On March 15, 2016, the Clerk entered default against Prober. Doc. No. 40. On January 4, 2017, Plaintiffs filed a motion (the "Motion for Default Judgment") seeking default judgment against Prober. Doc. No. 86. In the Motion for Default Judgment, Plaintiffs claim a variety of damages including: 1) $50,000 in lost consulting fees; 2) $1,000,000 in pain, suffering, and loss of amenity; 3) $1,000,000 in punitive damages; 4) $4,000 in statutory damages; and 5) $1,068 in court costs. *Id.* at 4.

On May 17, 2017, United States District Judge Paul G. Byron granted the Motion for Default Judgment in part. Doc. No. 119 at 7. With regard to liability, Judge Byron found that only Mr. Baumann is entitled to default judgment against Prober. *Id.* at 3-4. Specifically, Judge Byron found that Mr. Baumann states a claim under the FDCPA and the FCCPA, but Prober allegedly filed the proofs of claim in Mr. Baumann's bankruptcy proceeding, not Ms. Baumann's. *Id.* Thus, Judge Byron found that Ms. Baumann failed to state a claim under the FDCPA and the FCCPA because "Prober did not collect or attempt to collect a debt from [her] when it filed the proofs of claim." *Id.* at 4.

With regard to damages, Judge Byron found that Mr. Baumann is only entitled to a default judgment of $4,000. Doc. No. 119 at 7. Specifically, Judge Byron found that Mr. Baumann failed to provide a sufficient basis for his damages requests for: lost consulting fees; pain, suffering, and loss of amenity; and punitive damages. *Id.* at 5-7. Judge Byron found that Mr. Baumann was only

entitled to $2,000 in statutory damages and $2,000 in punitive damages. *Id.* at 7. On May 18, 2017, default judgment was entered in favor of Mr. Baumann and against Prober. Doc. No. 120.[2]

On June 9, 2017, Plaintiffs filed a notice of appeal of Judge Byron's order. Doc. No. 121. On May 11, 2018, the Eleventh Circuit Court of Appeals vacated the default judgment entered against Prober. Doc. No. 123 at 14-15. The Eleventh Circuit agreed with Judge Byron that Ms. Baumann cannot assert a claim under the FDCPA and the FCCPA based solely on Prober's filing of claims in Mr. Baumann's bankruptcy action. *Id.* at 14. The Eleventh Circuit, however, remanded the case for an evidentiary hearing on Mr. Baumann's damages claims.[3] *Id.* at 14-15. The Eleventh Circuit also remanded the case for further proceedings against Marinosci. *Id.* at 12-14.

On June 26, 2018, Judge Byron reopened the case consistent with the Eleventh Circuit's mandate. Doc. No. 125. The next day, Judge Byron referred the Motion for Default Judgment to the undersigned. Doc. No. 126. On August 7, 2018, the undersigned issued an order setting an August 21, 2018 evidentiary hearing for Mr. Baumann to present evidence and argument in support of his damages claims and the method for calculating the same. Doc. No. 134 at 3.

On August 16, 2018, Mr. Baumann filed a motion to continue the evidentiary hearing. Doc. No. 139. Mr. Baumann stated that he had been unable to prepare for the evidentiary hearing because of Ms. Baumann's health issues. Doc. No. 139-1. Mr. Baumann requested a continuance of at least ninety days. Doc. No. 139 at 2. On August 20, 2018, this Court entered an Order denying the Motion for Default Judgment (Doc. No. 86) without prejudice to Mr. Baumann filing

---

[2] Judge Byron dismissed Plaintiffs' claims against Marinosci. Doc. No. 123 at 12-14. Judge Byron dismissed those claims because they were predicated on Plaintiffs' allegation that the mortgages were rescinded under TILA, but Judge Byron found that Plaintiffs' right to rescind those mortgages had expired. *Id.*

[3] Specifically, the Eleventh Circuit found that Mr. Baumann's claims to statutory damages were "capable of mathematical calculation," but Mr. Baumann's compensatory damages claims were not, and thus, Mr. Baumann should have been given an opportunity to prove the same. Doc. No. 123 at 15.

a renewed motion after proceedings concluded against Marinosci; directing that Mr. Baumann serve any renewed motion for default judgment on Prober, and file an affidavit of service from a process server showing that such service was effected; cancelling the evidentiary hearing that was scheduled, and denying the Motion to Continue (Doc. No. 139) as moot. Doc. No. 140 at 4.

On August 24, 2018, Mr. Baumann filed a "Motion for Reconsideration of Order" ("Motion for Reconsideration") pursuant to Federal Rules of Civil Procedure 59(e) and 60. Doc. No. 141.  On September 20, 2018, this Court granted the Motion for Reconsideration in part and also issued an Order to Show Cause to Mr. Baumann to show cause why service on Prober was proper and why the clerk's entry of default against Prober should not be set aside.  Doc. Nos. 144, 145.  The Court found that the denial of the Motion for Default Judgment was not inconsistent with the Eleventh Circuit's mandate, nor was it dispositive.  Doc. No. 144 at 6.  However, the Court found that the *sua sponte* direction to serve Prober with any renewed motion for default judgment constituted surprise and granted the Motion for Reconsideration on that limited basis. Doc. No. 144 at 7.

On October 15, 2018, Mr. Baumann filed a renewed Motion for Reconsideration of Order related to the Court's September 20th order and again addressed the underlying Order denying the Motion for Default Judgment and argued that Order exceeds the scope of the appellate court's mandate.  Doc. No. 151 at 5-6.  On October 31, 2018, that renewed motion was denied.  Doc. No. 154.

On November 1, 2018, this Court issued an Order discharging the Order to Show Cause and directing Mr. Baumann to serve Defendant Prober with the Complaint and a summons within twenty-eight days of the date of the Order and file a return of service within thirty-five days from the date of the Order.   Doc. No. 155.   Mr. Baumann was directed to serve Defendant Prober again

because Mr. Baumann failed to demonstrate proper service in response to the Court's Order to Show Cause. Doc. No. 155.  To date, Mr. Baumann has failed to comply with this Court's Order of November 1, 2018.  There is no return of service in the docket.  Mr. Baumann has filed no other response to the Order.

A court may dismiss an action *sua sponte* based on a plaintiff's failure to obey court orders. *Mitchell v. N.C. Med. Bd.*, Case No. 6:16-cv-1648, 2017 U.S. Dist. LEXIS 42232, at *12-13 (M.D. Fla. Feb. 28, 2017) (citing *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 987, 989-91 (11th Cir. 2015)); *see* Local Rule 3.10(a).  "A pro se litigant who fails to follow an order of the court or exhibits a lack of respect for the court and its authority may be subject to Rule 41(b) dismissal."  *McCants v. Enhanced Recovery Co., LLC*, 2017 U.S. Dist. LEXIS 172840, at *3 (M.D. Fla. Oct. 19, 2017).  In light of Mr. Baumann's failure to comply with the Court's order requiring him to serve Defendant Prober after he failed to demonstrate proper service in response to the order to show cause, the undersigned recommends the case be dismissed pursuant to Rule 41(b).

Accordingly, it is **RECOMMENDED** that this case be dismissed with prejudice as to Defendant Prober & Raphael.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties