**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES E. BAUMANN and DEBORA K.
BAUMANN,

          Plaintiffs,

v.                                                    Case No: 6:15-cv-1951-Orl-40GJK

PROBER & RAPHAEL and
MARINOSCI LAW GROUP, PC,

          Defendants.
_____/

## ORDER

This cause comes before the Court without oral argument on Magistrate Judge Gregory J. Kelly's Report & Recommendation (Doc. 163 (the "**Report**")), and *pro se* Plaintiff James E. Baumann's Objection thereto (Doc. 164). With briefing complete, the matter is ripe. Upon consideration, the Report is due to be adopted in part and rejected in part and the case dismissed without prejudice.

**I.    BACKGROUND**

The procedural history of this case is set forth in the Report and incorporated by reference into this Order. (Doc. 163). However, a partial procedural history as to Plaintiff's service of Defendant Prober & Raphael ("**Prober**") bears repeating.

Plaintiff attempted to serve Prober at a California address on February 21, 2016. (Doc. 33, p. 2). Upon arrival, the process server asked for an individual to accept service. (*Id.* at p. 3). He was met with a woman who stated "We do not accept Summons and I'm an Attorney." (*Id.*). The server left the document on the ground as the woman walked away and the door shut immediately. (*Id.*).

Finding that the return of service failed to establish Prober was served in accordance with Federal Rule of Civil Procedure 4, Judge Kelly ordered Plaintiff to show cause why service was proper. (Doc. 145 ("**OSC**")). In response, Plaintiff submitted a Motion for Reconsideration of the OSC, wherein he argued that the OSC exceeded the scope of the Eleventh Circuit's mandate. (Doc. 151). Plaintiff went on to claim in conclusory fashion that service was proper, citing a decision from the Ninth Circuit. (*Id.* at p. 9). Judge Kelly thereafter denied Plaintiff's Motion for Reconsideration. (Doc. 154).

After denying Plaintiff's reconsideration motion, Judge Kelly ordered Plaintiff to serve Defendant Prober within twenty-eight days and file a return of service no later than seven days after that. (Doc. 155). The deadline to file a new return of service was December 6, 2018. To date, Plaintiff has not complied with Judge Kelly's order. Accordingly, Judge Kelly submitted the Report, recommending the Court dismiss this case as to Defendant Prober. (Doc. 163). Plaintiff timely objected. (Doc. 164).

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III. DISCUSSION

Plaintiff asserts a single argument in his Objection, that Magistrate Judge Kelly exceeded the Court's authority in *sua sponte* challenging Plaintiff's service of Prober. (Doc. 164, p. 3). Plaintiff maintains that "the scope of the [Eleventh Circuit's] mandate is limited to the holding of an evidentiary hearing on Mr. Baumann's damages claims." (*Id.* at p. 3). According to Plaintiff, the Court "deviate[d] from the [a]ppellate [c]ourt mandate" by taking up the service issue. (*Id.* at p. 5).

"Generally, where service of process is insufficient, the court has no power to render judgment . . . ." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). Because of the jurisdictional nature of the service requirement, "the Court [is not] overstepping boundaries by raising the issue *sua sponte*." *Thalassinos v. Adair*, No. 13–0187–WS–N, 2013 WL 2245138, at *3 (S.D. Ala. May 20, 2013). "Thus, in determining whether to exercise its discretion to take the disfavored action of entering a default judgment against a party that has failed to plead or otherwise defend," the Court must ensure the plaintiff properly effected service on an absent defendant. *Id.* Actual notice of the suit does not cure ineffective service. *Prewitt Enter. v. OPEC*, 353 F.3d 916, 925 (11th Cir. 2003). Therefore, the Court may not enter default judgment against Prober until Plaintiff shows that he properly served Prober with process.

Plaintiff's objection is due to be overruled. First, Plaintiff fails to cite authority establishing that Magistrate Judge Kelly could not order Plaintiff to re-serve Prober. Plaintiff merely cites a Florida state court decision for the straightforward proposition that trial courts may not deviate from an appellate court mandate. (Doc. 164, pp. 4–5). The problem with Plaintiff's argument is that this Court did not deviate from the Eleventh

Circuit's mandate by raising the service issue at this stage. In its May 11, 2018, opinion, the Eleventh Circuit vacated the default judgment entered against Prober because this Court did not hold an evidentiary hearing to determine Plaintiff's actual damages. (Doc. 123, p. 14). The appellate court therefore vacated the default judgment against Prober and remanded for further proceedings consistent with its opinion. (*Id.* at pp. 14–15). Notably, the decision did not take a position on the propriety of Plaintiff's service of Prober because that issue was not before it. (*Id.*).[1]

It is well-settled that trial courts must comply with "both the letter and the spirit of the [appellate court] mandate taking into account the appellate court's opinion, and the circumstances it embraces." *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985) (internal citations omitted). Nevertheless, this Court is "free to address, as a matter of first impression, those issues not disposed of on appeal." *Id.* Because neither this Court nor the Eleventh Circuit addressed Plaintiff's initial service on Prober, Judge Kelly had a free hand to carry out the Court's "affirmative duty" of ensuring Prober's service complied with the Federal Rules. *See id.*; *Thalassinos*, 2013 WL 2245138, at *3. That this Court did not ensure service was proper in the first instance doesn't prevent it from doing so now.

Next, the Court turns to Magistrate Judge Kelly's recommendation that the case be dismissed with prejudice because Plaintiff failed to obey an order to re-serve Prober. (Doc. 163, pp. 4–5). "A *pro se* litigant who fails to follow an order of the court or exhibits a lack of respect for the court and its authority may be subject to Rule 41(b) dismissal." *McCants v. Enhanced Recovery Co.*, No. 3:16-cv-435-J-34PDB, 2017 WL 4700483, at

---

[1] Likewise, this Court did not address service of process in its Order granting in part Plaintiff's motion for default judgment. (Doc. 119).

*1 (M.D. Fla. Oct. 19, 2017).[2] Rule 41(b) affords district courts discretion to levy rogue litigants with sanctions, but "that discretion is not unlimited, and the Court is mindful that dismissal with prejudice 'is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable.'" *Id.* at *2 (quoting *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). Dismissal with prejudice must be predicated on, at least, willful delay, and mere negligence or misunderstanding the law will not suffice. *Id.*

On this record, the Court finds that Plaintiff's conduct does not qualify for the "sanction of last resort," dismissal with prejudice. *See id.* Plaintiff's recalcitrance can reasonably be attributed to his incorrect but good faith understanding that the Eleventh Circuit implicitly approved Plaintiff's service on Prober. In his view, the appellate court cabined this Court's authority to review service of process. This view is wrong, but not outside the realm of reasonableness. Accordingly, the Court will exercise its discretion under Rule 41(b) to dismiss the Complaint against Prober without prejudice and close the case. *See* Fed. R. Civ. P. 4(m); *Abele v. City of Brooksville*, 273 F. App'x 809, 811 (11th Cir. 2008) (per curiam) (affirming district court's dismissal without prejudice of complaint where plaintiff failed to submit adequate proof of service of process).[3] Plaintiff may file a

---

[2] Although a plain reading of Rule 41(b) indicates that a court may not *sua sponte* dismiss under the Rule, the Eleventh Circuit has specifically affirmed district courts' authority to *sua sponte* dismiss for want of prosecution. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

new action asserting the same claims against Prober—of course, he would need to serve Prober in that suit if he hopes to recover.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Gregory J. Kelly's Report & Recommendation (Doc. 163) is **ADOPTED IN PART AND REJECTED IN PART**:
    a. The Recommendation that this case be dismissed with prejudice is **REJECTED**.
    b. In all other respects, the R&R is **ADOPTED, CONFIRMED**, and made a part of this Order.
2. Plaintiff's Objection (Doc. 164) is **OVERRULED**.
3. This case is **DISMISSED WITHOUT PREJUDICE** as to Defendant Prober & Raphael. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on February 27, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties