# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

JAMES E. BAUMANN and DEBORA K. BAUMANN,

    Plaintiffs,

v.        Case No: 6:15-cv-1951-Orl-40GJK

PROBER & RAPHAEL and MARINOSCI LAW GROUP, PC,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Reconsideration of the Court's February 1, 2019, Order (Doc. 161 (the "**Order**")) and February 4, 2019, Judgment in favor of Marinosco Law Group, PC (Doc. 162 (the "**Judgment**")). (Doc. 165). In the Order, the Court granted Defendant Marinosci Law Group, PC's ("**Marinosci**") motion for summary judgment on Plaintiff's FDCPA claims against Marinosci because "the [allegedly inflated] proofs of claim underlying the settlement-based Counts predate Plaintiff's settlement with [Bank of America]." (Doc. 161, at p. 5).

A court may grant a motion for reconsideration on three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Moton v. Cowart*, No. 8:06-cv-2163-T-30EAJ, 2007 WL 1876036, at *1 (M.D. Fla. Feb. 20, 2007) (citations omitted). Reconsideration of a previous order is an extraordinary remedy, one that is reserved for those instances where the facts or law are so strongly convincing as to induce the court to reverse its prior

decision. *Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 03-cv-2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) (citation omitted).

Plaintiff first takes issue with the Court's finding that "Plaintiffs executed a mortgage obligation with Countrywide Home Loans, Inc. ("**Countrywide**"), secured by the Executive Property. (Doc. 11-3, pp. 9–21). Countrywide thereafter assigned this mortgage obligation to [Bank of America]. (*Id.* at p. 33)." (Doc. 165, p. 5). Plaintiff claims this finding is erroneous based on the Amended Complaint's allegations that the mortgage at issue was inoperative "based on [Bank of America's and Marinosci's] illegal and unfair business practices." (*Id.*). In this vein, Plaintiff recycles arguments already rejected by both this Court and the U.S. Circuit Court of Appeals for the Eleventh Circuit. (Docs. 47, 123). Plaintiff's citations to the Amended Complaint do not establish that the Order erred in finding that Plaintiff executed a mortgage that was assigned by Countrywide to Bank of America. *See Moton*, 2007 WL 1876036, at *1.

Next, Plaintiff argues that the Note is not negotiable and the Court erred by finding that it was. (Doc. 165, pp. 7–8). According to Plaintiff, the Note at issue "established a 'credit limit' of up to 115% of the 250,000" principal, which could increase under the terms of the Note. (*Id.*). As a preliminary matter, Plaintiff waived this argument by failing to advance it in the summary judgment briefing. *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."); *see also Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d

757, 763 (11th Cir. 2005); (Docs. 158, 160). Furthermore, this argument has no merit.[1] Plaintiff's third argument builds upon the second and fails for the same reason.

Finally, Plaintiff advances another new argument, that Marinosci violated the FDCPA and FCCPA by failing to amend its allegedly inflated proof of claim after Plaintiff settled with Bank of America. (Doc. 165, p. 9). Here, Plaintiff cites neither caselaw supporting this theory nor the record. Upon review, Plaintiff again has not put forth a basis for reconsideration of the Court's prior Order or Judgment. *See Moton*, 2007 WL 1876036, at \*1.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration (Doc. 165) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 27, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Importantly, the decisions Plaintiff relies upon are inapposite. In *Chuchian v. Situs Invs., LLC*, 219 So. 3d 992, (Fla. 5th DCA 2017), the court found that an assignee of a mortgage agreement—one that "explicitly state[d] that any credit advances in excess of the credit limit are not secured by the mortgage"—could not recover amounts exceeding the credit limit. *Id.* at 994. Plaintiff has identified no such clause limiting the amount secured by the mortgage to $250,000 in this case. The balance of the cases Plaintiff cites likewise fail to convince the Court it committed clear error.